Reversed and Remanded and Memorandum Opinion filed November 2, 2004









Reversed and Remanded and Memorandum Opinion filed November 2, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00114-CV

____________

 

RICHARD ALLEN
MOORE,
Appellant

 

V.

 

ARLEN BROUSSARD
AND ROY ABNER,
Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 01-35117

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard Allen Moore appeals from
a summary judgment granted appellees Arlen Broussard and Roy Abner based on the
expiration of the statute of limitations. 
Because we hold that appellees failed to negate the applicability of the
discovery rule, we reverse and remand.

Factual and Procedural Background








Moore retained Broussard and Abner in 1992
to represent him in a criminal case involving the sexual assault of a
child.  That case was tried to a jury in
June 1996 and Moore was found guilty.  
Moore is currently incarcerated. 
On July 10, 2001, Moore filed suit against Broussard and Abner for legal
malpractice.  In his first amended
petition, Moore alleged that he did not discover the alleged malpractice until
July 15, 1999.

Broussard and Abner moved for summary
judgment, asserting that the statute of limitations for both legal malpractice
and breach of fiduciary duty claims had expired before Moore filed suit.  Moore responded that the discovery rule
applied to his suit and, because he did not discover the facts underlying his
suit until July 15, 1999, his suit was timely. 
He supported his response with his affidavit and a letter to him from an
attorney, William Ware, who had represented Moore in a civil suit.  In his affidavit, Moore states that Ware “did
notify [Moore] on or about July 15, 1999, that he had asked [Broussard and
Abner] to participate in Discovery in the civil case and he provided them with
the fruits of that discovery, in which material favorable evidence from the CPS
files was disclosed in the civil case.” 
Moore also states in his affidavit that Broussard and Abner failed to
disclose or use this material and favorable evidence in preparing Moore’s
defense in the criminal case.  In the
letter from Ware, Ware states that he has enclosed the file from the civil suit
as Moore requested.  He also states the
following:

Please note that their [sic] is an envelope containing the
documents culled by your criminal attorneys, including, but not limited to
documents I directed them to obtained [sic] in the discovery process on the
civil end.  You may find more basis for
incompetent assistance arguments by analyzing the contents of this envelope in
comparison to the transcripts to raise crucial questions regarding failure to
utilize your evidence.  

Moore also attached to his response a letter from Abner
to Ware, dated November 8, 1995, in which Abner thanks Ware for lending him
Ware’s “materials regarding Mr. Moore” and returns them. 








Broussard and Abner did not address
Moore’s assertion of the discovery rule in their motion for summary judgment or
challenge his evidence.[1]  On October 2, 2001, the trial court signed a
final judgment granting appellees’ motion for summary judgment “on the grounds
that the Plaintiff had failed to produce any genuine issues of fact.”  This appeal followed.

Analysis

The general standards for reviewing
summary judgments are well settled. 
See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985).  Legal malpractice claims are
subject to the two‑year statute of limitations.  See Willis v. Maverick, 760 S.W.2d
642, 644 (Tex. 1988).[2]  The discovery rule applies to legal
malpractice cases, so that in such cases, limitations does not begin to run
until the client discovers or should have discovered through the exercise of
reasonable care and diligence the facts establishing the elements of a cause of
action.  Id. at 646.  A defendant moving for summary judgment on
the affirmative defense of limitations has the burden to conclusively establish
that defense.  Rhône‑Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  When, as here, the plaintiff pleads the
discovery rule as an exception to limitations, the defendant must negate that
exception as well.  Id.








Here, Broussard and Abner asserted in
their motion for summary judgment that the trial in which they represented
Moore ended in June 1996, and Moore did not file suit until more than four
years later.  In response, Moore came
forward with evidence that raised a genuine issue of material fact on the
applicability of the discovery rule. 
Moore asserted in his affidavit that he learned on or about July 15,
1999, that Broussard and Abner were given information that could have been
material and favorable to Moore’s defense in the criminal case, but they did
not disclose or use this evidence. 
Moore’s statement is supported by Ware’s letter, in which Ware raises
questions about the defense Broussard and Abner provided in Moore’s criminal
case.  Moore’s suit was filed on July 10,
2001, within two years of July 15, 1999. 
Broussard and Moore did not address Moore’s allegation of the discovery
rule or the evidence he presented to support it.  Therefore, they have failed to meet their
summary judgment burden.  See Rhône‑Poulenc,
Inc., 997 S.W.2d at 223.  

Because Broussard and Abner did not negate
the discovery rule as a matter of law, they were not entitled to summary
judgment based on limitations.[3]  Accordingly, we reverse the trial court’s
judgment and remand for further proceedings consistent with this opinion.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed November 2, 2004.

Panel
consists of Justices Yates, Fowler, and Guzman.











[1]  Nor did appellees file a brief in
this court in response to Moore’s appeal.





[2]  Although
Broussard and Abner acknowledge in their motion that breach of fiduciary duty
claims are governed by the four-year statute of limitations, see Tex. Civ. Prac. & Rem. Code §
16.004(a)(5), we express no opinion on whether Moore has alleged separate
claims for breach of fiduciary duty or whether all of his claims are properly
characterized as legal malpractice claims. 
See, e.g., Deutsch v. Hoover, Bax & Slovacek, L.L.P., 97
S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (stating rule
that plaintiffs may not divide or fracture legal malpractice claims into other
claims when gist of complaint is that attorney did not exercise that degree of
care, skill, or diligence as attorneys of ordinary skill and knowledge commonly
possess); Goffney v. Rabson, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied) (same).





[3]  In his brief,
Moore asks that we reverse the district court’s judgment and “dismiss the
underlying suit by appellant because said suit was not ripe.”  For this proposition, Moore cites Peeler
v. Hughes & Luce, 909 S.W.2d 494 (Tex. 1995).  In that case, the Texas Supreme Court held
that “as a matter of law, it is the illegal conduct rather than the negligence
of a convict’s counsel that is the cause in fact of any injuries flowing from
the conviction, unless the conviction has been overturned.”  Id. at 498. The Court reasoned that as
a matter of Texas public policy, “plaintiffs who have been convicted of a
criminal offense may negate the sole proximate cause bar to their claim for
legal malpractice in connection with that conviction only if they have been
exonerated on direct appeal, through post‑conviction relief, or otherwise.”  Id. at 497–98.  Thus, because the plaintiff had not been
exonerated, the court held as a matter of law that her illegal acts remained
the sole proximate and producing causes of her indictment and conviction.  Id. at 498.  Moore has provided no evidence that he has
been exonerated; indeed, he states that he is currently incarcerated.  We do not address whether, under Peeler,
Moore may maintain a claim for legal malpractice, however, because Broussard
and Abner did not raise it in their motion for summary judgment below.  See Stiles v. Resolution Trust Corp.,
867 S.W.2d 24, 26 (Tex. 1993) (holding that a summary judgment cannot be
affirmed on grounds not expressly set out in the motion or response).